Good morning, your honors. My name is John Nowak. I'm an Assistant State's Attorney representing the people of the State of Illinois, and I'll need 10 to 15 minutes. Okay, presume we've read the briefs, we've looked at the pleadings, and stick to your strong points. Your honors, the State argues that my client should have asked to file, leave to file what he never filed in order to prove what he didn't need to prove. First, the State argues that my client didn't seek leave to file under Section 122 after the Post-Conviction Act, but he did not file a Post-Conviction Petition. He filed a 214-01. Subsection F only discusses petition filed under the Post-Conviction Statute. So he had no need to file, no need to seek leave to file what he never filed. That's the first thing. The second thing, under the People v. Smith case I cited, the leave to file is implicit in the judge's Pearson order. If you put yourself in my client's shoes, you'll see why. You're right. 214-01 is now already a successive Post-Conviction Petition, and you now have three options. Amend, withdraw, or do nothing. It's not logical. You would think you would have to leave, need leave to file a Post-Conviction Petition when you've already filed something which has already been turned into a Post-Conviction Petition. And the third reason is the Supreme Court's recent decision in Ortiz. Ortiz says that actual innocence claims don't require cause and prejudice, and as the State points out in their motion, it doesn't explicitly state that people who claim actual innocence don't need leave to file. But we argue that that's the necessary implication of it. The Ortiz defendant, for example, didn't seek leave, but both this Court and the Supreme Court consider the actual innocence place on the merits. The other point is that Ortiz found that the legislature did not intend 122-F to apply to actual innocence, and they were talking about the cause and prejudice part of it, but 122-F is all about cause and prejudice. It's like 90 percent of the statute. In our position, you can't take cause and prejudice out of 122-F and still have any meaning left in the statute. Well, if we agreed with you, though, as to the way you read Smith, wouldn't we be holding them that in Smith they actually did file something different, whereas your client chose to do nothing? So wouldn't we be holding them, and I understand this impacts on every single case in this. In spite of every case, and the unique facts of these cases, I don't know why judges ever say that in criminal cases. I've not seen a unique case in 30 years of doing this. Are we saying then, wouldn't we have to agree with you that the defendants who do less should be rewarded for that in a sense that they are entitled to review if they don't do anything, whereas those who did not do what they're supposed to do are not entitled. Those who did not ask for leave, they file a new PC, successive PC, they file an amended petition, but they don't ask with that, they have a separate piece of paper, and that's all it really is, a motion to be allowed to file, a successive PC. Those are thrown out, right? Every case in Illinois, look at it, it says if you don't file that, you're out. Right. We would be holding to agree with you, and there's a logic to what you're saying, that if you fail to do anything, we'll let you into the pool, we'll review your claim, even though those who follow the rules, except for leaving out the piece of paper, that we won't review their claim. Well, I guess what I would say about that is if my client doesn't follow the rules, he doesn't necessarily have to be rewarded because the judge does not necessarily have to recharacterize a 214-01 as a PC. The judge can simply say, this is a 214-01 petition, this is why it fails on the merits as a 214-01 petition. But as you know, frankly, they never succeed, right? So lack of jurisdiction is your 14-01, and it's two years. Right, right. So there's no allegation of missing jurisdiction. I mean, he made an allegation. It didn't go, I didn't think it was fairly persuasive why he didn't argue. He did, on his face, try to meet the 214-01, but my point is that there's no reason for clients, for defendants to be rewarded because the judges don't have to recharacterize. If the judges are doing them a favor by recharacterizing it, then that necessarily fails, but judges don't necessarily have to do that. And there certainly is a logic to that. I think what it is, the judges down below are frankly trying to get the answers out, and I think that's what Judge Brosnan did here. The other hand, on the appellate court, we're not trying to get the answers out. We're trying to say, yeah, you didn't jump through that extra hoop that the first that the Supreme Court put in in Pearson and Shelstrom, and then they codified legislature, and the question is, how do we get around that? Understanding it's my belief that all they need to do in these cases is to get around the state's hurdle. It's to say, I found this separate piece of paper, so we'd remand it back without direction, so we'd dismiss it, but putting it in our Rule 23 of our opinion that the defendant may file a successive PC with the identical stuff, and the judge could look at it then, and we'll look at it. We'll review it. So it's a delay of two months, which is however long it would take. Would we have a problem with that? Why shouldn't we do that? Because my client doesn't know that he's filing a PC. They have to be, my client doesn't know that he needs to do that, because he doesn't think he's doing it. He thinks he's doing this other thing to get around things he's doing. Right. This is his fourth PC. His fourth PC. But I mean, what he's doing wasn't totally out of the realm of reason in the sense that an actual misclaim isn't in some sense different than a 214-01 in the sense you're both doing, you know, you're both bringing new evidence saying this might change the verdict. So what I would say is that I don't think they're being rewarded that terribly much. You still ultimately have to come up with a meritorious claim. If it gets advanced to Stage 2, then there's no longer the gist. He's got to show his claim, and if he's dismissed, I mean, in a sense, resources are wasted, but my client isn't rewarded in the sense that he gets something other than maybe a trip up to Cook County, which he may or may not want. So I guess I don't see how someone is rewarded if they don't eventually get some relief. Oh, well, just by review, Frank. And again, not just your client, so it's not just my client. Yeah, I think it might be my client, but I'm just sure it's him. So we're holding that, again, there's a problem to me where we're saying people who file a successive PC but list a piece of paper, we don't review them at all. Those who choose to file, you know, 1401s, which have nothing to do with anything, and they get recharacterized, well, come right in. Our doors are wide open. We're going to review you substantially. Well, the other thing is, in order to address your concern, a judge, Pearson says, or Shellstrom, more specifically, says a judge has to say these things, but I don't think they're limited. A judge could also add to the admonition, and this will be a successive PC, and if you want your petition to be considered a successive PC, you will have to file 24122F. But the admonition would be accurate in that context. Well, actually, Bronson's order says something, doesn't it? Doesn't her order denying the petitioner? She actually entered in Order Denying Petitioner, am I correct? She sent an order with, I believe, the standard Pearson-Shellstrom language, but I don't think there was anything other than that. I may be wrong. Well, the title of the order is Order Denying Petitioner Leave to File. Oh, that's the end order. What I'm talking about is the admonition order, what I was talking about. When the judge says, I require, either the judge usually calls the defendant in, but in this case, it's sent in writing. She sends in writing, you know, I intend to recharacterize this. You can either do nothing, amend, or withdraw. What I'm saying is, to me, you're concerned if the judge also said, and, if you intend to move on, you need to address section 122F, there's no way the defendant would be rewarded, but at the same time, the admonitions would not be misleading, because at Shellstrom, the Supreme Court wasn't thinking about successive petitions, presumably, when they drafted their, you know, their, their, their admonitions. All right. Well, the initial order, Breyton enters, is that this order, you know, he may wish to do one of three things, one of which is do nothing, which is apparently what he chose to do. Now, this order constitutes notice to the petitioner that this recharacterization means that any subsequent post-conviction petition will be subject to the restrictions pertaining to successive post-conviction petitions, citing Shellstrom. The key word there, Your Honor, is subsequent. What they're saying is, if you file this petition, any subsequent, the next petition you file will be successful. Okay. So it doesn't, that doesn't address, from my client's perspective, this one. So, so, so I think, I think there's a, I think if you want to avoid a misleading admonition, but at the same time you want to avoid rewarding your client, there would have to be an additional admonition, and I guess that's the best answer I have. Okay. And that's a, that's a good one. So I discussed what to do, I discussed, okay. And as you know, the State declined to address the merits in their, in their brief. So unless this Court wishes to discuss the merits, I'll ask it. I would. Okay. Well, okay. Yeah. All right. How does Ortiz fit those, since Ortiz is not a successive piece, is that correct? Ortiz, Ortiz was a, I'm sorry, was a successive. There's a problem, though, with the, go ahead. Well, let me, my client submitted a co-defendant's affidavit. Co-defendant's affidavit said I only shot my gun when I was under fire from the enemy. So by this affidavit, my client has committed no crime. I don't think there's any question that he ever committed a crime as a principal. There was no theory that he was guilty as a principal. He was guilty of accountability for Johnson. Because Johnson was, by his affidavit, shooting in self-defense, he was not guilty of a felony, certainly not a forcible felony. He said I went to my car, I was shot at, I fled and shot back, and so there's nothing for my client to be accountable for. So at this stage, the affidavit, which is assumed true, it's not necessarily assumed true when you get to an evidentiary hearing, of course, but at this stage it's assumed true, and by the affidavit, he is actually innocent. The evidence is also newly discovered. The affidavit does conflict with some of the testimony of your client? It conflicts with his custodial statement. Does it conflict with my client's testimony? I know it conflicts with the custodial statement. Yes, both. I thought in the, of course, we have a, sorry, I don't have the record. We do not have the entire record. We only have what you gave us. And in that, I couldn't find where the testimony did not say. I thought it did say. You're saying the testimony did not? I thought the biggest conflict with the custodial statement I remember was whether he saw that he had a gun or he didn't see that he had a gun. Between the custodial statement and my client's testimony, there may be some conflict. I don't remember what it is, and if it is, I imagine it wasn't terribly substantial, but I don't remember any conflict personally. There may be one. It's on page 9 and 10, if you want to look at it. 9 and 10 of what? Of your brief. Of my brief? Well, you can look at it. I don't want to interrupt you. Page 9 and 10 of my brief. Anderson's custodial statement. Anderson's custodial statement. Yeah, the codependency affidavit does conflict with my client's custodial statement. There's no question about that, particularly in terms of he knew he had a gun. But it doesn't conflict with the key part of the affidavit, which is that Johnson was shooting his self-defense because my client, by the custodial statement, by the affidavit, by his testimony, by anything, wasn't there. All he did was hear shots. He didn't see who was shooting when. So my client's affidavit, the codependency affidavit could not conflict with any story of my client as to the actual innocence because my client was not present to see what happened during the shootout and could not contradict the self-defense. Is there a conflict on whether or not your client knew that Johnson was armed when he left the car? Oh, no. My client testified that he did not know but assumed he was armed. And the custodial statement I said, he said again, but I think, I don't think there's a great deal of difference. If you assume someone is armed, I don't see that it makes a great deal of difference if you actually see the gunner. Yeah, he assumed he was armed and he went in to do a dangerous thing, but it was still self-defense. What about Johnson being there in the courthouse? I presume he was in holding cell, although he says he was in chambers. Even though the State doesn't have a lot of money, there still is a difference between holding cells and chambers. Okay. What about that statement that Johnson was there in the chambers ready to testify? It's in his affidavit. He said he was there in the chambers, he was ready to testify, but his lawyer basically double-crossed him and wouldn't let him testify. But if you don't believe that, that's okay because you've still got the lawyer on the record saying he's taking his Fifth Amendment rights and so my client could not possibly present. Whether the lawyer was telling the truth or not, it doesn't matter because the effect was that my client could not present Johnson's testimony. Well, at least not until 1998 when the appeals are all the right for Defendant Johnson. So you cite Ortiz, which cites Molstad. Right. And so from 1998, I don't know, we've got all the Rule 23s in this case, including, as they call him, Codefendant Sutton. Right. So Johnson's case is affirmed in 1998. Let's assume he appealed to the Supreme Court. I don't know that he did. His appeals are done, though, certainly by 1999. And so then, lo, it takes seven years for the defendant to come up with an affidavit of his co-defendant, his pal, to say, oh, by the way. And again, going back to the things that Justice Murphy was asking, I suggest he, and from the other Rule 23s, it's real clear from the evidence that Anderson and Johnson are the aggressors. I mean, that's what we've held. This Court has held that already. So I don't know how, so we go back based on the theory that we should buy the theory of the defense based on the fact that now the co-defendant says, oh, yeah, the theory was correct. Those other guys fired first. Is that what we're supposed to do? Well, I mean, I guess I would say a couple of things. First of all, you've held that Johnson was the aggressor in Johnson's case, but you've also held that Sutton was the aggressor in Sutton's case. No, I've got Sutton in front of me. Let me read it. That's why I bring it up. In this case, the State did not dispute that Anderson and Johnson were the aggressors. Period. All of the evidence presented to the jury showed that Anderson and Johnson fired the first shots, which injured Crosby and Wilson before a defendant fired any shots in return. Yeah, but the State's theory was that Sutton planned a trap and the only reason they got the shots out was because they happened to get them off first. So it's not like they were going after an innocent people. That's also true, but that's what the trial was all about. So this is different than Ortiz, where Williamson had nothing to do with it, or the innocent guy. There's no question about essentially what occurred here. Anderson takes an armed guy who's looking for his car to a place where he knows other armed men are likely to be near the car. He then pulls up with Johnson, Johnson gets out of the car, walks up, and shots are fired. Except that wasn't my client's testimony. Right. So my point is that's a credibility issue. That's my point. It's a credibility issue. You can't decide, at least at the just stage, you can't decide. Right, but if we're going to say that you get a new trial, which is actually down the road where you want to go, is that what we're going to do? Is that when a co-defendant, nine years after his appeals are over, says, by the way, had I been allowed to testify for my pal, I just said he didn't do it. Oh, well, let's get you a new trial. I suggest that's not what successive PCs are about. Actual innocence isn't that my co-defendant, who drove me there, and I was with him, and he was armed, and they had a shootout. That's usually not the kind of actual innocence. What you have, interestingly, is the argument about accountability and the interplay with felony murder. Do you want to mention that? Well, sure. I mean, my client was found guilty, you know, based on, I mean, if you look at the judge's comments, my client was found guilty, not accountability for Johnson, but accountability for Sutton. And so in that sense, we know now that he cannot be found guilty based on that basis. And that would be an alternate claim of actual innocence, a legal claim of actual innocence, maybe, as opposed to a factual claim of actual innocence. Based on Cooper and whatever. Based on Cooper and, yeah. But also then, unlike Cooper, where the judge explicitly found, the trial court found, this is not felony murder, I'm doing this based on accountability. Judge Urso, the trial court, didn't say, yeah, I'm not finding it a felony murder. He just says, general verdict, the guy that he's guilty of first degree murder. He does use the word accountable, and he's accountable for the shootings, including, as you say, Sutton doing the shootings. Again, he's a code offender. Why? I don't know. But then when you look at his death penalty eligibility finding, he very specifically found that he's accountable for Sutton. So I think if you read those two things together, it's more than just a general throwaway comment. Right. So I guess, I mean, the other point I would say, where you say, well, he said, this is sort of a different point than you were making when you were talking about seven, eight years later. I mean, that's something that could go to credibility. It might go to culpable negligence at stage two. But what I would say is it does not go to the elements of actual innocence. The elements of actual innocence go to newly discovered at the time of trial. There's not a new set of elements for actual innocence for a successive petition. Well, what's new then? So what's new? The affidavit. Seven years later to testify. I wasn't willing ten years ago. Right. That's it. And he's got a very high credibility challenge to meet if he gets that far. But that's for then. That's where I would say. In the case where that occurred, where codefendant, and again, I'd suggest Ortiz, the other guy didn't do anything. Here, yeah, he gave me a ride. I was armed. We ended up in a shootout. He drove me away. I'd suggest it's a lot different than the facts in Ortiz. It's different than the facts in Ortiz, but he wasn't committing a crime. Going to get your car in a dangerous neighborhood is not a crime. That's true. It's not a forceful felony, more specifically. Given the rights of people who are, I'm going to go get some money from my pal, owes me money on a dope deal, let's go get him. Come on in the car, have your gun ready, let's go. That, if you're ready, wouldn't be a crime either. He's just collecting a $20 or $50 debt. We've got lots of guys doing 40 years on that. Yeah, but the difference is the natural inference is he's going to go rob the drug dealer. He's going to go collect his money. No, but my client is going to, my client, Johnson was going to get his car. He was going to get his car. And it's legal to repossess a car, but it's not legal to repossess a debt by going in and taking it out of somebody's pocket, no matter how legitimate the debt is. So in that sense, it's a different. I don't see the difference. If my pal says, I want to go, if Joe blows me 50 bucks, I'm going to get him set up. I'm going to get the money. Because it's illegal to take the money. It's a crime. Robbery is a crime. He owes the money. Robbery is a crime. Repossession of your car is not a crime. Robbery is a crime. That's the difference. And so, unless there's any other questions, I'll ask for the relief we requested in our brief. Thank you. Thank you. Counsel, you have not addressed any of the merits. You're sticking to the one issue, and that's it? We're not going to interpret it that you agree there's no merit. Correct, Your Honor. We're not conceding any of the merits there. As we say in our brief, as every single one of these five previous appellate court cases have held, you don't consider the merits. The trial court shouldn't consider the merits, and the appellate court shouldn't consider the merits. When a defendant fails to seek leave to file, whether it's a successive petition or one that's been recharacterized, he has to do something. He has to seek leave to file, or, as this Court held in Collier and in Smith, he has to at least file a motion to amend. He's got to do something. But here, this defendant did absolutely nothing. And to hold here, to forgive that, to let him go through this without following the law, either the statutory law or the case law, would be absolutely unprecedented. It would contradict these five appellate court cases that dismissed. It would contradict this Court's two opinions regarding a recharacterization where they said, at least you have to file a motion to amend. This would be absolutely unprecedented. His failure to seek leave to file this successive petition after it had been recharacterized requires this Court's action to dismiss it without prejudice. He's free then to go back and follow the procedures. That's what the courts did in all of these five cases. All five of these cases that held that you have to first file this motion to seek leave. All of them said, we're not going to reach the merits. We're going to send it back. If the defendant wants to seek leave to file this again, he may do so. But we're not going to let him skip this important step. The only thing that bothers me is in Ortiz, they got rid of something very fundamental. They said fundamental fairness and constitutional concerns. They eliminated a substitute bar, cause and prejudice. And you're saying that if this case reaches the Supreme Court on actual innocence, they're going to say, well, you have to file this formal thing called petition, and we're going to make you wait? I don't understand that. Yes, Your Honor, because what they did in Ortiz was they said that this part of 122-1F, the part that talks about cause and prejudice, that does not apply to an actual innocence claim. That's what he's claiming. Right. But what they don't talk about in Ortiz is they don't talk about the first sentence. And that's the crux of this. And that first sentence is the defendant seeking leave must first obtain leave of court to file a successive petition. Ortiz, the Supreme Court in Ortiz, never mentions it. But the way Justice Murphy is trying to say it, isn't it implicit? If they're emphasizing that actual innocence doesn't have to deal with the cause and effect test, that the fact that they didn't specifically say that the leave, asking leave for court, leave of court to file this petition is going to be applied to the actual innocence or not, the fact that they're emphasizing actual innocence should have a chance to come before the court, what makes you think that leave of court is going to be necessary? Because leave of courts, Your Honor, is simply a step just like first stage review, second stage review, third stage review. The legislature has incorporated this additional early step before the first stage. It's akin to those. The Supreme Court here wasn't saying that if you make an actual innocence claim, you automatically get a new trial. These aren't bars, the fact you have to go through first stage and second stage and third stage. You don't automatically skip those steps just because you make a claim of actual innocence. And so here in a successive claim, you still need to do that first step, which is to seek leave to file. Why would you seek leave to file? Why is it necessary? Because it's in the statute. The statute says if this is a successive PC, you've got to seek that leave to file. In that motion to seek leave to file, you can hone, you can focus your argument and assist the trial court in deciding whether to allow leave to file. Here, defendant made not just an actual innocence claim in his petition, he also made several non-actual innocence claims, like a Brady violation, an ineffectiveness of counsel. Certainly in those cases, he needs to file a motion to leave. And in that motion, explain it. Under Brady, it was the Ballistics Report? Right. Was that ever given to the defendant? It's unclear from the little bit I was able to read. It is unclear, Your Honors. But again... Is it in the file? It's not in the record here. It's not in the record here. The judge looked at it, but did not file it? As far as that goes, Your Honor, I'm not certain. But the point is, is that this defendant was making more than just an actual innocence claim. But nevertheless, you've got to file that motion. And in that motion, you're going to explain to the court why this is a legitimate actual innocence claim. This is not a bar to making an actual innocence claim that the court was concerned about in Ortiz. Again, this is no different than first stage review, second stage review, or third stage review. You make a bald allegation of actual innocence, you don't just automatically get to a new trial. You've got to meet these statutory requirements at each particular stage. And in the success of PC, there is a stage before first stage. And that is seeking and obtaining leave to file. Defendant did not do that here, Your Honors. Certainly in Ortiz. Now, the defendant makes a misstatement. He claims that in Ortiz, the defendant never saw leave to file. Not true. There's nothing in this court's opinion in Ortiz, or in the Illinois Supreme Court's decision in Ortiz, whether to know whether that defendant ever files leave. We don't know whether he did or he didn't. It was never discussed. In that case, it reached a third stage evidentiary hearing, and that's how it came up on review. And that defendant was making only an actual innocence claim, unlike here. But again, Your Honors, this is an important, legitimate, statutory step the defendant's got to meet. The appellate court's decisions are unanimous. We're not relying on just one or two opinions. We're relying on five opinions. Every single one has said, if you don't seek leave to file, case dismissed. This court, in two additional cases, said even when it's recharacterized, you still need to at least do something. You've got to file a motion to amend. And the defendant didn't do that. He places great weight on Peeple v. Smith, claiming that that gives an exception. What we were talking about is a new case came down from the Supreme Court. Could you tell us why against? Why doesn't that apply? Why wouldn't we interpret it on actual innocence? You can skip the clause. If you're going to skip the clause in prejudice, it follows that you have to be pretty liberal for actual innocent cases. Doesn't it? Certainly, Your Honor. It's saying that it relaxes the waiver bar. You don't have to prove cause and prejudice. But it is important. The Illinois Supreme Court in Ortiz could have easily said, would have taken one sentence. Section 122-1F does not apply if you make a claim of actual innocence. Maybe they thought it was too obvious. It would have been simple for them to do that. They did not. Instead, they explained why the cause and prejudice part of the statute didn't apply. And certainly, when you make a claim of actual innocence, you have to do more than just make a bold claim of it. The defendant admits as much in his reply brief. I believe it's on, at the end of his discussion of the first issue. He admits that you've got to do more than just make a bold allegation of actual innocence. And that's certainly true. You've got to do more. You've got to seek that leave to file. Well, he filed an affidavit. So he did more than just say I'm actually innocent. But as you say, Collier addressed a lot of this. Although, as the defense points out, in Collier and Smith, they didn't dismiss him, even though they're cited for the proposition that they eventually, they affirmed, but they didn't dismiss him. Right. It's important that in both Smith and Collier, the courts went through and analyzed these five cases that I've discussed and we've discussed in our brief. And didn't disagree with them. But what they said was, is that, they said in both cases, these are unique circumstances. And that in those cases that were recharacterized to 1401 petitions, and yet the defendant sought, filed motions to amend. The trial court allowed those motions. And this court, in both cases, said that that allowing the motions to amend and the motion to amend itself was considerably defiled. Defendant disagrees with that and cites only to Smith. But this court rejects defendant's interpretation of Smith in Collier. And I'll quote it. It's just one sentence. In Collier, this court said, by granting defendant's request to amend the petition, here, as in Smith, the trial court implicitly acknowledged their request for leave to file, and thus fulfilled the requirements of Section 122-1F. That rejects defendant's position flat out. Well, actually, in this case, Judge Brosnan enters a very well-written order denying leave to file a successive PC. So what you're asking us to do, then, is to send it back. And again, I think it's a problem with a lot of these cases. The judge is freaking to get rid of them and it's unclear what they did. But here she entered a written order saying, I'm not granting leave. At the end of the day, the 2007 order is, I am not granting leave for you to file a successive PC. So you're asking us, even though we have that order in the file, to say, well, send it back. And then ask Judge Brosnan, is she really denying a leave? And she'll say, yeah, I really denied leave. And then we'll start the procedure again with a different appellate court number. Your Honor, Your Honor, it would be more than just sending it back for her to reissue that opinion. It would be sending it back for defendant to file that motion to seek leave to file. And it's to defendant's benefit, because in that motion for leave to file, he can explain clearly why this should go forward. Why this is legitimate. He's a murderer. No, no, he's not. He's actually, and I say that advisedly, the first word of the appellate court, he's a second time murderer. So no, he's not explaining anything clearly. So when we send it back, they don't have lawyers. They have jailhouse lawyers. These guys are calling him names. They're not terribly sharp. So no, I would disagree with the idea that we send this back. Don't worry. The pro se murderer will explain it more clearly, his position legally, than the State Appellate Defender has. I don't think that's going to happen. Granted, Your Honor, he's not going to explain it more clearly than the State Appellate Defender has. But this statute is designed to do just that. This is a fairly sharp defendant. He has filed several successive petitions. This isn't his first time around the block on this. It's true, but every case is under summary order as well, which is quite odd. You know, the Sutton case was a long one. Johnson was a long one. Every time a poor Mr. Anderson comes up here, he gets, I don't want to say a short trip, but they're about three pages, which is odd. But here, Your Honor, again, as all five of these appellate court cases have said, this court shouldn't look at what the trial court did and shouldn't look at the substance. And the trial court shouldn't have done it. In those cases, four of them went to first stage and were dismissed on that basis, saying, look, this is frivolous and patently without merit. Certainly in those cases, the same argument could be made. Why send it back? We know what the court's going to do. But yet, that's exactly what every single appellate court case has done. They didn't assume that leave would be granted. They didn't assume that, they didn't find that it would just be a waste of time. It is required by the statute. The legislature requires this. Ortiz did not change it. It could have easily done so. It did not. This is the statute. When you file a successive PC, you must meet this before you get to the first stage. It's that simple, Your Honors. And for those reasons, this court need not and should not reach the merits. But if this Court has any questions of me as to those, I would be happy to answer them. We have no questions. For those reasons, those in our brief, we ask that this Court dismiss this case. Thank you, Your Honors. Thank you. Sorry about that, Your Honors. Thank you. Thank you.